This is a case involving a determination of eligibility for Medicaid benefits.
The Circuit Court of Montgomery County, on a writ of certiorari, found that the appellee was eligible for Medicaid benefits. From that ruling the commissioner of the Alabama Medicaid agency, through able and distinguished counsel, appeals. We find no error requiring reversal and affirm.
The following is relevant:
In October, 1981, an application for Medicaid benefits was filed on behalf of the appellee, Mrs. Miller. Medicaid denied this application in November on the grounds that Mrs. Miller had access to property exceeding the Medicaid limit of $1,500. The property Mrs. Miller had access to consisted of some interest in real property and a joint checking and savings account with her daughter, Mrs. McKinney.
After a court approved sale of the real estate, Mrs. Miller filed for benefits on March 8, 1982. Medicaid denied the application.
In April, 1982, counsel for Mrs. Miller requested an administrative hearing to review the Medicaid agency's ruling on Mrs. Miller's eligibility for benefits. The hearing officer found that Mrs. Miller had access to property in the form of a joint checking and savings account exceeding the $1,500 limit. This ruling, however, was based on Ala. Code § 35-1-2 (1975) which makes all inter vivos gifts void if the donor is left without adequate means of support. This was necessary because Mrs. McKinney had withdrawn the money in the joint accounts the September before the March 8, 1982 application and there was not any money in the account in excess of the $1,500 limit.
In June, 1982, the hearing officer submitted his findings to the commissioner, the final administrative authority for reviewing administrative rulings. The commissioner concurred in the hearing officer's findings and notified Mrs. Miller.
In July, 1982, Mrs. Miller through her next friend, Mrs. McKinney, filed a petition for writ of certiorari in the Circuit Court of Montgomery County. The trial court entered its order in November, 1982, finding that Mrs. Miller had been eligible since March 8, 1982 and ordering appellant-defendant to "take all steps necessary to ensure receipt by [Mrs.] Miller of all Medicaid benefits due her." Thereafter, the commissioner took this appeal. We find no error and affirm.
Appellant first contends that the trial court erred in holding that Mrs. Miller was eligible for Medicaid benefits in light of § 35-1-2 and the standard of review applicable to petitions for writ of certiorari.
The standard for judicial review in cases such as the one at bar is limited to a consideration of the proper application of the law involved and whether the ruling below was supported by any legal evidence. Minton v. Personnel Bd. of Jefferson Co.,406 So.2d 435 (Ala.Civ.App. 1981). Another proper consideration is whether the findings and conclusions are contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. Baker v.Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148 (1944).
Appellant maintains that in view of the above standard and Ala. Code § 35-1-2 (1975), the commissioner's ruling denying Mrs. Miller benefits was correct and the trial court should have affirmed. We do not agree.
Alabama Code § 35-1-2 (1975), is the foundation of appellant's case. However, Medicaid applied this statute incorrectly to the uncontradicted evidence. In that respect, the trial court was correct in determining that Mrs. Miller was eligible for Medicaid benefits. *Page 559 
The facts are not in dispute. Therefore, it is a matter of applying the law properly to the facts.
Mrs. Miller was, at the time of the hearing, eighty-six years old. For approximately twenty-seven years Mrs. Miller lived with and was cared for by her daughter, Mrs. McKinney. Mrs. Miller had been mentally and physically incapacitated for at least ten years prior to the hearing.
Some eighteen years previously, Mrs. Miller and Mrs. McKinney established a joint checking and savings account into which Mrs. Miller's social security checks were deposited. In the beginning, the checks totaled $78 a month and increased over the years until the amount was approximately $220 at the time of the hearing. Mrs. McKinney paid for all of Mrs. Miller's expenses, not always from the joint checking account, but the record indicates that in any event Mrs. Miller's expenses were at least partly paid from her social security checks.
In September, 1981, there was approximately $13,000 in the joint checking account. Mrs. McKinney testified that she considered this money to be hers in that she had total control over the funds and was the only one to use the checking account. She additionally testified that her mother's expenses and cost of living exceeded her social security checks each month. Consequently, in September, 1981, Mrs. McKinney withdrew most of the money in the joint checking account and all of the money from the savings account.
Then, in March, 1982, Mrs. Miller again applied for Medicaid benefits after having been turned down in November. On this occasion she was denied benefits because of the administrative ruling that she had access to the money in the joint checking account.
Because the money was not actually in the account in March, 1982, Medicaid relied on § 35-1-2 in determining that Mrs. Miller had access to that money.
Section 35-1-2 reads as follows:
 "(a) All inter vivos gifts of assets, including but not limited to money, lands or buildings, are void if the donor is left without means of support and does not reserve for himself for life an adequate amount separate from that gift to provide for his subsistence; provided, that this section shall not apply to any gift not expressly and specifically declared void hereunder by an administrative or judicial tribunal of competent jurisdiction within the two-year period immediately following the date of the gift.
 "(b) As used in this section, unless the context clearly requires a different meaning, `subsistence' means that amount of money or its equivalent necessary to provide one with the minimum necessities of life, such as food, clothing, shelter and medical care."
Medicaid maintains that in view of the above statute, the transfer of the funds from the joint checking account was void for purposes of Medicaid benefits eligibility. It is Medicaid's position that the transfer was made only to bring Mrs. Miller within the Medicaid limits.
Medicaid's position is based on an incorrect application of §35-1-2 to the facts of this case. The statute requires that a "donor" make an "inter vivos gift" that leaves the donor without adequate means of support.
The evidence indicates that Mrs. Miller did not make a "gift" of the money to Mrs. McKinney. In other words, Mrs. Miller did not transfer the money to Mrs. McKinney. The money was in a joint checking account. Mrs. McKinney withdrew the funds as she had a legal right to do.
And although it is not determinative, it is interesting to note that while Mrs. McKinney paid all of Mrs. Miller's expenses, she managed to accumulate quite a large sum in the account in relation to the fairly small amount of Mrs. Miller's checks.
Appellant's final contention is that the trial court erred in ordering that the necessary steps be taken to ensure that Mrs. Miller receive all benefits due her.
Appellant bases this argument on the idea that the trial court's order provided for retroactive relief against the state and that the court was without jurisdiction to do so. *Page 560 
Appellant also cites authority for the position that the courts cannot direct the manner in which an administrative body exercises its discretion or compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts to be determined by an officer in his judgment or discretion.
This argument is not well taken.
It is established that suits seeking to compel administrative officers to perform ministerial acts do not violate the section of the constitution that prohibits suits against the state.Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479
(1942). Once the determination has been made that Mrs. Miller is eligible for benefits, the discretion of the administrative body of Medicaid has ended. If Mrs. Miller is eligible, the Medicaid agency has no other choice than to pay such benefits as may be due her from the time of eligibility.
In view of the foregoing, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.