Plaintiffs, Elijah Rutledge, Sarah Rutledge, and Eric Rutledge, appeal from the grant of defendants'-appellees' motions to dismiss. We affirm.
Elijah Rutledge, Sarah Rutledge, and their two minor children, Reginald and Eric, were involved in an automobile accident on November 30, 1983. Reginald died in the accident and the other members of the family were severely injured.
Elijah Rutledge brought a wrongful death and personal injury action based on the death of one child and injuries to the other. Elijah and Sarah Rutledge also sued on their own behalf for their personal injuries. The following individuals and entities were named as defendants: Lena Hodges, the driver of the automobile that collided with the Rutledges' automobile; Alneta S. Tillman, the owner of the automobile driven by Hodges; the State of Alabama; George C. Wallace, the Governor of the State of Alabama; Byron Prescott, the Director of the Alabama Department of Public Safety; Jimmy Shoemaker, the former Director of the Alabama Department of Public Safety; the Baldwin County Commission; and the City of Robertsdale.
The Rutledges averred in their complaint that Hodges was 93 years old at the time of the accident and was mentally and physically incompetent to operate a motor vehicle. They further averred that Hodges negligently or wantonly allowed the automobile she was driving to cross over into the Rutledges' lane of traffic and collide with the Rutledges' automobile and that Tillman negligently entrusted the use of her automobile to Hodges. Hodges and Tillman were dismissed as defendants by stipulation between the parties after the execution of a pro tanto release.
The theory of recovery against the remaining defendants is predicated upon the issuance of a renewal driver's license to *Page 51 
Hodges on January 5, 1983. The Rutledges averred that the defendants owed them a duty not to issue Hodges a renewal driver's license or to suspend her driving privileges because they knew or should have known that Hodges was physically or mentally incompetent to drive an automobile due to her advanced age and accompanying infirmities. The Rutledges also averred that the defendants owed a duty to them to promulgate, implement, and follow procedural guidelines to prevent physically or mentally impaired drivers, including Hodges, from obtaining, renewing, or maintaining driver's licenses. The Rutledges further averred that the defendants breached their duty to them by renewing Hodges's license, by failing to revoke her license, by failing to promulgate procedures to prevent the issuance of driver's licenses to physically or mentally impaired drivers, or by failing to follow established procedures to prevent the issuance of driver's licenses to mentally or physically impaired drivers, including Hodges. Finally, they averred that the defendants' breach of duty was the proximate cause of the collision made the basis of the lawsuit.
The City of Robertsdale filed a motion to dismiss, which was granted by the trial court on the basis of an affidavit of George Thomas that stated that the city did not issue driver's licenses, and the Rutledges do not appeal the dismissal of this defendant.
The trial court subsequently granted motions to dismiss in favor of the remaining defendants, the State of Alabama, Alabama Department of Public Safety, George C. Wallace, Jimmy Shoemaker, and Byron Prescott. The Rutledges appeal these dismissals.
The issue to be decided here is whether the trial court improperly dismissed the Rutledges' action on the basis that the appellees are immune from tort liability pursuant to Section 14, Constitution of Alabama, 1901. We hold that all appellees are immune from tort liability under the facts of this case and that the trial court did not err in dismissing the Rutledges' action.
We discuss separately the application of the governmental immunity doctrine to each of the three classes of appellees involved in this action: (1) the State of Alabama and Alabama Department of Public Safety; (2) the individual state government officials, George C. Wallace, Jimmy Shoemaker, and Byron Prescott; and (3) the Baldwin County Commission.
 I.
Article I, Section 14, Constitution of Alabama, 1901, prohibits the State and its agencies from being made defendants in any court of law. Deal v. Tannehill Furnace FoundryCommission, 443 So.2d 1213 (Ala. 1983); DeStafney v. Universityof Alabama, 413 So.2d 391 (Ala. 1981); Milton v. Espey,356 So.2d 1201 (Ala. 1978); Gill v. Sewell, 356 So.2d 1196 (Ala. 1978); Hutchinson v. Board of Trustees of University ofAlabama, 288 Ala. 20, 256 So.2d 281 (1971). The State of Alabama, and the Department of Public Safety, as an agency of the State, are, therefore, absolutely immune from tort liability.
 II.
The Rutledges' negligence claims against defendants Wallace, Shoemaker, and Prescott are predicated upon certain provisions of Title 32, Chapter 6, Code 1975. For example, § 32-6-7
provides in pertinent part:
 A driver's license shall not be issued to the following persons:
. . . .
 (6) Any person afflicted with or suffering from a physical or mental disability which, in the opinion of the director of public safety or examining officer will prevent such person from exercising reasonable and ordinary control over a motor vehicle.
Additionally, Code 1975, § 32-6-13, states:
 The director of public safety with the approval of the governor, shall establish and promulgate reasonable rules and regulations not in conflict with the laws of this state concerning operation of motor *Page 52 
vehicles and concerning the enforcement of the provisions of this article.
The Rutledges allege, in substance, that these defendants negligently performed, or failed to perform, the duties imposed upon them by these and other statutory provisions.
We are of the opinion that these defendants are immune from the Rutledges' negligence claims under the facts of this case. As stated in Milton v. Espey, 356 So.2d 1201, 1202 (Ala. 1978):
 Section 14 of the Constitution not only prevents a suit against the State, but against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588 (1972); Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963).
[Emphasis added.]
And in Gill v. Sewell, 356 So.2d 1196, 1198 (Ala. 1978), the Court opined:
 There are several categories of cases which do not fall within the prohibition of § 14. In Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1977), the court listed these categories as:
 "(1) Actions brought to compel State officials to perform their legal duties. Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So.2d 787; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13; Southall v. Stricos Corp., [275 Ala. 156, 153 So.2d 234]. (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479, and cases there cited. (4) Actions brought under the Declaratory Judgments Act, Tit. 17, § 156 et seq., Code 1940, seeking construction of a statute and how it should be applied in a given situation. Curry v. Woodstock Slag Corp., supra, and cases there cited." 287 Ala. at 229-230, 250 So.2d at 679.
 This list was never intended to be a comprehensive final list of those actions not barred by Section 14. In Unzicker v. State, 346 So.2d 931 (Ala. 1977), we held that a suit may be maintained against State officials in their official capacity for acts allegedly committed fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law. 346 So.2d at 933.
 This suit alleges negligent misconduct on the part of the State, its agencies and officials (except J.C. Locke) in their official capacity.
In the case at bar, the Rutledges sued Wallace, Shoemaker, and Prescott in their official capacities. There is no allegation in the Rutledges' complaint that these defendants acted beyond their authority, fraudulently, in bad faith, or under a mistaken interpretation of the law. Nor do the Rutledges' claims fall within those categories listed in Alandv. Graham, quoted in Gill v. Sewell, supra. Consequently, these defendants are absolutely immune from tort liability for their alleged negligent acts or omissions.
The Rutledges argue that Shoemaker and Prescott were exercising a non-discretionary function in carrying out their duties under the cited statutory provisions and that under this court's interpretation of the Restatement (Second) of Torts, § 895D, "Public Officers" (1974), in DeStafney v. University ofAlabama, 413 So.2d 391 (Ala. 1981), they could be held individually liable. The Rutledges' reliance upon this theory is misplaced inasmuch as Shoemaker and Prescott were sued in their official, rather than their individual, capacities. InDeStafney, an employee of the State was sued in an individual capacity. Therefore, the result in that case is different from the result here.
 III.
The Rutledges also allege that employees or agents of Baldwin County negligently *Page 53 
issued a renewal license to Hodges. Unlike state government, a county does not enjoy immunity from actions brought against it for the negligent acts of its officers and employees. Lorencev. Hospital Board of Morgan Co., 294 Ala. 614, 320 So.2d 631
(1975). However, an agent of the state can claim immunity under Section 14 of the Constitution. Boaz Nursing Home, Inc. v.Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588
(1972).
The role of county government in the issuance of driver's licenses is delineated in the following pertinent provisions of Code 1975:
 § 32-6-3. Examination prior to application for license or renewal.
 (a) Every person who applies for an original driver's license under the provisions of this article shall be given an examination before he makes application to the judge of probate or license commissioner for the issuance of a driver's license. Such person must first apply to the officer, state trooper or duly authorized agent of the director of public safety, or one of them where there is more than one, designated by the director of public safety to conduct examinations for the county of the applicant's residence. . . .
. . . .
 (d) If the applicant passes his examination, he shall then be given a certificate to that effect, on a form provided by the director of public safety by the officer, state trooper or duly authorized agent of the director of public safety conducting the same, and he shall present said certificate to the judge of probate or license commissioner of his county together with his application for a driver's license, and the judge of probate or license commissioner shall attach the certificate to the application and forward the same to the director of public safety along with the application at the time the application is sent to him.
. . . .
 (f) A person who secures a renewal of his license in the manner herein provided shall not be required to take such examination unless the director of public safety deems it advisable to require him to take the same. . . .
Furthermore, § 32-6-1 (b) provides in part:
 Every driver's license issued under this article may be renewed at the end of the license period without examination upon application and payment of the fee.
It is evident from the preceding statutory provisions that the county, through its officials or employees, is merely an agent of the Department of Public Safety for the purpose of collecting and transmitting applications and fees for the issuance of original or renewal driver's licenses. This function is specified by statute and is carried out in accordance with procedures promulgated by the Department of Public Safety. Therefore, the County and its officials and employees enjoy the immunity of Section 14 of the Constitution in carrying out these acts on behalf of the Department of Public Safety.
In reviewing the trial court's grant of the motions to dismiss, assuming the truthfulness of the allegations in the Rutledges' complaint and taking them most strongly in favor of the Rutledges, as we must do, we hold that the Rutledges cannot prove any set of facts in support of their claim which would entitle them to relief. Ala.R.Civ.P. 12 (b)(6); Mull v. String,448 So.2d 952 (Ala. 1984). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES and STEAGALL, JJ., concur.
JONES, J., concurs in the result. *Page 54