STEAGALL, Justice.
Plaintiff, Grady Gibson, alleged slander and “outrageous conduct” on the part of defendants Jimmy Abbott, John Perdue, Byron Prescott, Jerry Shoemaker, Larry Williams, and certain fictitious parties. Gibson’s complaint alleged that during the course of investigating the death of Dana Hart, these named defendants, as investigators with the Alabama Bureau of Investigation (ABI), slandered Gibson while inquiring about the case with persons not associated with the ABI by implying that he had killed Dana Hart, that he was a drug dealer, and that he intended to kill the parties to whom the allegedly slanderous remarks were made. Gibson appeals from a Rule 12(b)(6), A.R.Civ.P., dismissal of his complaint.
Dana Hart and her husband, Eddie Hart, were informants to the ABI. Their contact with the agency was Grady Gibson, an ABI investigator at the time. On March 14, 1985, Dana Hart was found dead, the victim of multiple stab wounds. During the subsequent investigation both Eddie Hart and Grady Gibson became suspects in Dana Hart’s murder, and it was during this investigation the slander and outrageous conduct allegedly occurred. After a Butler County grand jury returned a “no bill” as to Gibson, he resigned his post with the ABI. After further investigation, a “Be On The Look Out” bulletin or “BOLO” was issued by ABI for Grady Gibson. Gibson fled the state, going to California, where he resided until returning to Alabama in October 1986. Sometime after his return to the state, another grand jury in Butler County issued a true bill against Gibson, and he, along with Eddie Hart, was tried for the murder of Dana Hart. On or about September 15, 1987, a jury convicted Gibson of the capital murder of Dana Hart.
The defendants filed a motion to dismiss, in lieu of an answer, affirmatively stating they were absolutely privileged for their statements made during the course of an official investigation. After the trial court granted Gibson’s motion for leave to amend the complaint in response to defendants’ motion for a more definite statement, the court heard oral argument on the defendants’ original motion to dismiss. From a judgment dismissing his complaint and an order denying his motion to alter, amend, or vacate the judgment, Gibson appeals.
“ ‘ “The well-understood position of an appellate court reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.” ’ ”
Harris v. City of Montgomery, 435 So.2d 1207, 1210 (Ala.1983). (Citations omitted.)
*941 As to whether State officers and agents can be held individually liable in civil litigation, this Court held:
“Article I, Section 14, Constitution of Alabama, 1901, prohibits the State and its agencies from being made defendants in any court of law.... The State of Alabama, and [its agencies], are, therefore, absolutely immune from tort liability.”
Rutledge v. Baldwin County Com’n, 495 So.2d 49, 51 (Ala.1986). (Citations omitted.)
“ ‘Section 14 of the Constitution not only prevents a suit against the State, but against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State.’ ”
Rutledge, supra, at 52. (Citations omitted.) (Emphasis added in Rutledge.)
However, “a suit may be made against State officials in their official capacity for acts allegedly committed fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law.” Rutledge, supra, at 52. (Citations omitted.)
“In defamation actions, the only absolutely privileged communications recognized under the law are those made during legislative or judicial proceedings (or, in such situations as that dealt with in Webster v. Byrd, [494 So.2d 31 (Ala.1986) ], quasi-judicial proceedings), or contained in legislative acts of this state which are made under authority of law.”
Walker v. Majors, 496 So.2d 726, 730 (Ala.1986).
In the present case, no absolute privilege attaches for any allegedly defamatory statements made, whether made within or without the agents’ official capacity as ABI investigators. There is, however, a qualified or conditional privilege that might attach:
“ ‘ “Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, the communication is privileged, if made in good faith and without actual malice.... The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken.” ’ ”
Kirby v. Williamson Oil Co., 510 So.2d 176, 179 (Ala.1987). (Citations omitted.)
“In Alabama, where a communication concerning a private person is protected by a qualified or conditional privilege, such a person cannot recover in a defamation action unless that person can show that the communication was made with actual or common law malice (shown by evidence of previous ill will, hostility, threats, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant’s language, the mode and extent of the publication, and the like).”
Wilson v. Birmingham Post Co., 482 So.2d 1209, 1213 (Ala.1986). (Citations omitted.) See also, Kirby v. Williamson Oil Co., supra.
This Court in DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1982), quoted with approval the tort liability rule proposed by Restatement (Second) of Torts, § 895D, Public Officers (1974), stating in part:
“ ‘(3) A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if
“ ‘(a) he is immune because engaged in the exercise of a discretionary function,
“‘(b) he is privileged and does not exceed or abuse the privilege, or
“ ‘(c) his conduct was not tortious because he was not negligent in the performance of his responsibility.’ ”
413 So.2d at 393.
We hold, therefore, that the defendants involved here, specifically Jimmy Abbott, John Perdue, Byron Prescott, Jerry Shoemaker, Larry Williams, and the ficti *942 tious parties, as ABI officers, are quahfiedly privileged as to any allegedly tortious conduct committed while acting in their official capacity as state employees. Accordingly, Gibson can recover against them in his defamation action only through a showing of actual or common law malice. For any other torts, generally, Gibson would be required to follow the guidelines set out in DeStafney v. University of Alabama, supra. See also, Barnes v. Dale, 530 So.2d 770 (Ala.1988).
Gibson did not allege any prior acts of ill will or hostility; any threats; other actions; or any former libels or slanders or the like on the part of any of the defendants. While this list of things suggesting malice cannot be said to be all inclusive, we can be sure that no such allegations were included in Gibson’s pleadings, and, therefore, we must assume that no proof of such things was forthcoming.
Since actual or common law malice must be pleaded and proven in order to recover in an action for defamation against an individual under a qualified privilege, and since none was asserted, in this particular case, under these particular facts, we must affirm the dismissal of this cause of action.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.