This is an appeal from the dismissal of Alabama State University's petition seeking a review of an order of the State of Alabama Board of Adjustment (Board).
The record reveals that Dr. Jasper Pressley filed a claim with the Board in January 1985. The claim alleged that Pressley and the University had entered into an agreement, that the University had breached the agreement, and that Pressley had been injured as a result. After a hearing the Board awarded Pressley $7,500 to be charged against the University's appropriations.
The University sought review of the Board's award by filing a petition for an extraordinary writ in the circuit court. The Board filed a motion to dismiss, asserting that Pressley's claim was exclusively within the Board's jurisdiction. The circuit court granted the Board's motion.
The University, through able counsel, appeals and we affirm.
The dispositive issue is whether the Board lawfully exercised jurisdiction over the claim filed by Pressley.
At the outset we note that mandamus and prohibition are extraordinary legal remedies and will issue only when there is no other adequate remedy for the enforcement of a legal right or for the prevention of a usurpation or abuse of power. Exparte Locke, 346 So.2d 419 (Ala. 1977).
In an appeal from a trial judge's denial of a petition for an extraordinary writ, the appellate court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. Anderson v. Mullins, 281 Ala. 609,206 So.2d 856 (1967); Barber Pure Milk Co. v. Alabama State MilkControl Board, 274 Ala. 563, 150 So.2d 693 (1963).
The standard of review for a writ of mandamus is whether there has been clear abuse of discretion by the trial judge in an arbitrary and capricious manner. Ex parte Rudolph,515 So.2d 704 (Ala. 1987).
To determine the propriety of the dismissal of the University's petition, this court must assess the nature of Pressley's claim.
Pressley's claim against the University sought money damages for breach of contract. Since the claim was against an institution of the State of Alabama, i.e., Alabama State University, Article I, section 14 of the Constitution of Alabama in this instance would prohibit a court from exercising jurisdiction over such a suit, Milton v. Espey, 356 So.2d 1201
(Ala. 1978), and this immunity from suit has been expressly extended to state universities. Sarradett v. University ofSouth Alabama Medical Center, 484 So.2d 426 (Ala. 1986).
Thus, Pressley's only avenue for relief was exclusively with the State of Alabama Board of Adjustment. Section41-9-62(a)(5), Ala. Code (1975) (1982 Repl.Vol.), grants the Board the power and jurisdiction over "[a]ll claims against the state of Alabama or any of its . . . institutions . . . arising out of any contract, express or implied, to which the state of Alabama or any of its . . . institutions . . . are parties, where there is claimed a legal or moral obligation resting on the state."
The Board, having jurisdiction over such matters, properly exercised its jurisdiction and resolved Pressley's claim against the University. We, therefore, cannot say that the circuit court erred in dismissing the University's petition.
The above being dispositive of this appeal, the case is due to be, and it is, affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur. *Page 569