This is an appeal from an order granting the appellees' motion to dismiss in a mandamus and injunctive action.
The appellants filed a class action suit on behalf of all nonfaculty employees of the University of South Alabama (USA), "seeking to enforce and implement the provisions of Section 8.3 of the STAFF EMPLOYEE HANDBOOK of the University of South Alabama requiring annual, formal performance evaluations and seeking review of the merit pay decisions made for nonfaculty USA employees in the fall of 1988 in the absence of mandated employee performance evaluations." The appellees filed a motion to dismiss, claiming primarily that they have constitutional sovereign immunity from suit. The trial court granted the motion to dismiss, and this appeal was filed. We reverse and remand.
At the outset, we note that a motion to dismiss is proper when it appears beyond a doubt that there is no set of facts in support of the claim of the plaintiff that would entitle him or her to relief. Stark v. Troy State University, 514 So.2d 46
(Ala. 1987).
The appellants contend that they have a right to seek mandamus or injunctive relief to enforce the appellees' implementation of formal performance evaluation and salary increase policies and that such right was not barred by constitutional sovereign immunity. More specifically they contend that, although the Staff Employee Handbook states that employees of the USA will receive evaluation by a supervisor at least once a year and a letter from the president of USA to faculty and staff members in October 1988 states that salary increases will be recommended based on department evaluations and recommendations, there has been no implementation of the performance evaluation system upon which the pay increase was to be based.
The appellees respond by claiming that, since the appellants are requesting retroactive monetary relief by seeking a recalculation of merit pay increases, the suit is merely one seeking a substantial monetary award from the state and is barred by the doctrine of constitutional sovereign immunity.
Although Ala. Const. art. I, § 14, provides for the sovereign immunity of the state and this immunity extends to the *Page 1128 
state's institutions of higher learning, Taylor v. Troy StateUniversity, 437 So.2d 472 (Ala. 1983), the institutions are not immune from all suits. Id.; Belcher v. Jefferson County Boardof Education, 474 So.2d 1063 (Ala. 1985). Actions brought to compel state officials to perform their legal duties or ministerial acts do not come within the prohibition of § 14.Taylor, 437 So.2d 472.
Additionally, it has been held that a board of education does not have to follow any particular evaluation policy. However, once such a policy is adopted by the board, the board is bound to follow it. Belcher, 474 So.2d 1063. Therefore, if the appellees have not acted in accordance with the rules and regulations set by the USA, "their acts are arbitrary and an action seeking to compel them to perform their legal duties will not be barred by the sovereign immunity clause of the Alabama Constitution of 1901; however, the action for compensatory damages cannot be maintained." Stark,514 So.2d at 50.
In Baggiano v. Miller, 437 So.2d 557 (Ala.Civ.App. 1983), this court stated that suits seeking to compel administrative officers to perform ministerial acts are not violative of the section of the constitution that prohibits suits against the state, and that once the determination has been made that one is eligible for medicaid benefits, the agency has no other choice than to pay such benefits as may be due that person from the time of eligibility.
Based on the above, we find that the appellants' request for a recalculation of merit pay raises is not an action for compensatory damages as prohibited in Stark, but, rather, find that the request is in accord with the relief allowed inBaggiano and is not prohibited by § 14 sovereign immunity. We further find that, since it does not appear beyond a doubt that there is no set of facts in support of the claim of the appellants that would entitle them to relief, the grant of the motion to dismiss was not proper. Stark, 514 So.2d 46.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
ROBERTSON, J., concurs.
INGRAM, P.J., not sitting.