INGRAM, Justice.
On December 31, 1992, George D.H. McMillan filed this action, seeking a judgment declaring that he was entitled to, and ordering payment of, the monthly expense allowances established pursuant to House Joint Resolution (H.J.R.) 223 and Senate Resolution (S.R.) 112, of the 1971 Regular Session of the legislature.[1] McMillan contends that the expense allowances,[2] plus interest, are due him for the term of his service as lieutenant governor of Alabama from January 15, 1979, to January 17, 1983. The trial court dismissed the case, holding that McMillan’s claim is barred by the six-year statute of limitations set out in Ala.Code 1975, § 6-2-34.
*907 McMillan’s sole contention on appeal is that the trial court erred in applying the six-year statute of limitations. Specifically, he contends that his cause of action is governed by the 10-year statute of limitations set out in Ala.Code 1975, § 6-2-33(3).
McMillan claims that he is entitled to the monthly expense allowances pursuant to H.J.R. 223 and S.R. 112. The legal effect of these two resolutions has been determined by this Court in Gunter v. Beasley, 414 So.2d 41 (Ala.1982). There, a unanimous Court held that neither resolution was unconstitutional and that Jere Beasley, a former lieutenant governor, was entitled to the expense allowances. We further held that Beasley’s action to recover the allowances was not barred by Art. I, § 14, of the Alabama Constitution, because the defendants “in refusing to make these payments to Beasley failed to perform their legal duties.” 414 So.2d at 49.
As noted above, McMillan argues that Ala.Code 1975, § 6-2-33(3), is the applicable statute of limitations in this case. That section provides that “actions against sheriffs, coroners, constables, and other public officers for nonfeasance, misfeasance, or malfeasance in office” must be commenced within 10 years. McMillan contends that this is the applicable statute of limitations because this cause of action was brought in order to force public officers to perform their statutory duties. We agree.
This Court has long taken the position that an unambiguous statute should be accorded the plain meaning dictated by its terms. Here, giving the statute a plain reading, we hold that the secretary of the Senate, the comptroller, and the director of the Finance Department (all defendants here) are officials who come within the statute.
Now we must determine whether this action can be brought against these public officials in this instance. The Alabama Constitution strictly limits the kinds of actions that may be maintained against the State or its officers. Article 1, § 14, of the Alabama Constitution of 1901 prohibits actions against the state. This immunity from suit also extends to officers and agents of the State. Ex parte Carter, 395 So.2d 65 (Ala.
1980). However, there are six categories of actions that do not fall within this prohibition, one of which is an action brought to compel State officials to perform their legal duty. Gunter v. Beasley, 414 So.2d 41 (Ala. 1982). The basis for relief sought in McMillan’s complaint is as follows:
“In failing to pay George McMillan’s expense allowance during his service as Lt. Governor, and in denying the subsequent request of George McMillan for payment of the cumulative monthly expense allowance plus interest, the Defendants have acted under a mistaken interpretation of law; this action is brought on account of the misfeasance or nonfeasance of public officials.”
Clearly, McMillan is alleging misfeasance or nonfeasance (failure to perform their legal duty) by these public officials.
Although the applicable statute of limitations was not at issue in Gunter, we note that Beasley brought his action approximately eight years after his first payment of the allowance was suspended. This Court awarded him the total amount of expense allowances missed, plus interest. The relief requested by Beasley was identical to that requested by McMillan in the present case. Just as in Gunter, this is an action to compel public officers to perform their legal duties. Therefore, we hold that the 10-year statute of limitations in Ala.Code 1975, § 6-2-33, applies to this cause of action. Accordingly, the trial court erred in holding that this action was time-barred. The judgment of the trial court is due to be reversed and the cause remanded for that court to determine whether the defendants were guilty of misfeasance or nonfeasance failing to pay the expense allowance.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX and COOK, JJ., concur.
HOUSTON, J., concurs in the result.

. McMillan brought this action against three public officials: McDowell Lee, secretary of the Senate; Robert L. Childree, comptroller; and Ivan F. Smith, director of the Finance Department. James C. White, Sr., became the director of the Finance Department during the pendency of this action and was substituted as a party.

. The Senate Ethics Committee, acting pursuant to H.J.R. 223 and S.R. 112, set the lieutenant governor’s expense allowance at $1,500 per month.