RICHARD L. HOLMES, Retired Appellate Judge.
In July 1992 Sparks Construction, Inc. (Sparks), and Guin Company (Guin) filed in the Circuit Court of Jefferson County, Alabama, a petition for review of an “agency” order.
The petition stated that Sparks entered into a construction contract with the Board of Trustees of the University of Alabama for the University of Alabama at Birmingham (UAB) and that Guin performed the plumbing work on the construction project pursuant to a subcontract with Sparks. The petition also indicated that a dispute arose between Sparks and UAB regarding equitable adjustments and compensation due under the contract.
Thereafter, Sparks and UAB submitted to an arbitration hearing before the State of Alabama Building Commission (Commission). The Commission issued its opinion on September 30, 1991, and awarded Sparks compensation in the amount of $413,930 for all of its claims. Sparks requested a rehearing. The Commission replied that a rehearing would not be necessary, but it would review the award for errors in calculation. The Commission issued a letter dated May 18, 1992, correcting the errors.
As previously noted, Sparks filed its petition for review of the Commission’s order in the Circuit Court of Jefferson County, Alabama. The record reveals that Guin was not a party to the arbitration between Sparks and UAB. The petition was amended to add UAB as an indispensable party-defendant.
The parties filed a joint stipulation of facts, which the trial court adopted as its findings of fact in its final judgment, wherein the trial court denied the relief requested by Sparks. The final judgment of the trial court stated in pertinent part:
“Based upon the stipulated facts, it is the opinion of the court that [Sparks] entered into a binding arbitration agreement after the dispute between the parties arose and that it is therefore bound by the results of the arbitration, there being no evidence that the arbitrator was guilty of fraud or dishonest conduct. The arbitrator was established by the contractual terms prior to the dispute, but if Sparks had objections to this procedure, it should have refused to agree to the binding arbitration and sought its judicial relief at that time.”
*907 Sparks and Guin appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Sparks contends that the trial court committed reversible error when it determined that the arbitration, which was conducted by the Commission, was final and binding as to the dispute between Sparks and UAB. Sparks argues that the trial court’s finding that this arbitration was final and binding limits its right to seek judicial review, which is guaranteed by the Alabama Administrative Procedure Act, Ala.Code 1975, §§ 41-22-1 through -27 (AAPA).
Our review of the record reveals that article 44 of the general conditions of the contract between Sparks and UAB contained the following language:
“Except as hereinabove provided, any dispute, claim or question concerning the interpretation or meaning of the contract documents or concerning a breach of the contract shall be submitted to the Director [of the Technical Staff of the Commission] and his decision shall be final, binding and conclusive on the parties to the contract. He shall have executive authority to enforce and make effective such decisions and orders as the contractor fails to carry out promptly.”
(Emphasis added.)
We recognize that predispute arbitration agreements are disfavored. H.L. Fuller Construction Co. v. Industrial Development Board of Vincent, 590 So.2d 218 (Ala.1991). However, the record also reveals that after the dispute arose between Sparks and UAB, and prior to the arbitration hearing held in September 1991, both Sparks and UAB voluntarily executed documents entitled “Agreement for Binding Arbitration Before Building Commission Administrative Council.” This agreement stated in pertinent part:
“In accordance with procedures stated in ‘General Conditions of the Contract’ ... the undersigned agree to proceed with final, binding arbitration before the Administrative Council of the [Commission] of claims existing between them relating to the (Name of Project) Campbell Hall Addition, [UAB].”
(Emphasis added.)
As the trial court stated in its final judgment, “if Sparks had objections to this [binding arbitration] procedure, it should have refused to agree to the binding arbitration and sought its judicial relief [instead of signing the document entitled ‘Agreement for Binding Arbitration Before Building Commission Administrative Council’].”
Sparks could have filed its claim for breach of contract with the State of Alabama Board of Adjustment. See Alabama State University v. State Board of Adjustment, 541 So.2d 567 (Ala.Civ.App.1989). Instead, Sparks chose to submit its claim for breach of contract to final and binding arbitration conducted by the Commission. See Tuscaloosa City Board of Education v. American/Owens, Inc., 486 So.2d 405 (Ala.1986).
Sparks seeks to characterize this procedure which was conducted by the Commission as an agency action subject to the AAPA, rather than an arbitration process agreed upon by Sparks and UAB to resolve disputes and claims under the contract. Sparks argues that decisions rendered by the Commission in contested cases are within the purview of the AAPA and that the AAPA provides for judicial review of such decisions, including the decisions of the Commission.
However, we would note that the Commission was the arbitrator agreed upon by the parties to resolve disputes, claims, or questions under the contract. In addition, after the dispute arose, Sparks voluntarily executed an agreement for final and binding arbitration. Consequently, this was an arbitration, rather than an agency action subject to the AAPA, and the trial court did not commit reversible error when it rendered its final judgment.
In addition, we would note that Sparks was seeking monetary damages for breach of contract against a state university. In the instant case, Article I, section 14 of the Constitution of Alabama prohibits a court from exercising jurisdiction over such a suit. Alabama State University, 541 So.2d 567.
*908 In view of the above, other issues and/or theories advanced by Sparks need not be addressed.
This judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.