674 So.2d 1315 (1996)
Ex parte John T. COLAGROSS.
(In re SHOALS COMMUNITY COLLEGE and Dr. Larry McCoy v. John T. COLAGROSS).
1950276.
Supreme Court of Alabama.
February 9, 1996.
Gayle H. Gear of Dawson and Gear, Birmingham, for Petitioner.
Roger L. Bates and Edwin O. Rogers of Tingle, Watson & Bates, P.C., Birmingham, for Respondents.
BUTTS, Justice.
WRIT DENIED.
HOOPER, C.J., and ALMON and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I concur in the denial of the writ of certiorari. My understanding of the opinion of the Court of Civil Appeals is that the language therein relating to immunity applied only to Colagross's claims based on state law. See Shoals Community College v. Colagross, 674 So.2d 1311 (Ala.Civ.App.1995). To the extent that the immunity language of that opinion may be applied to any claim under 42 U.S.C. § 1983, I disagree with that language insofar as that language differs from the following.
Defendants in 42 U.S.C. § 1983 actions must look to federal law in order to establish an immunity defense. The United States Supreme Court in Howlett v. Rose, 496 U.S. 356, 383, 110 S.Ct. 2430, 2447, 110 L.Ed.2d 332 (1990), in reversing the judgment of a Florida District Court of Appeals, held:
"[A]s to persons that Congress subjected to liability, individual States may not exempt such persons from federal liability by relying on their own common-law heritage. If we were to uphold the immunity claim in this case, every State would have the same opportunity to extend the mantle of sovereign immunity to `persons' who would otherwise be subject to § 1983 liability. States would then be free to nullify for their own people the legislative decisions that Congress has made on behalf of all the People."
There are two broad types of immunity available to state officials who are being sued under § 1983. Persons being sued in their *1316 "official capacity" are entitled to assert "only immunities ... that the governmental entity possesses." Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991). Persons "sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law." Id.
Whether governmental immunity exists under § 1983 boils down to whether the entity is considered a "person" for § 1983 purposes. Because States and arms of State government are not considered persons for § 1983 purposes when they are being sued for damages, officials sued in their "official capacities" are likewise not considered persons under § 1983 when they are being sued for damages. Hafer, 502 U.S. at 27, 112 S.Ct. at 362-63. "A state official [sued] in his or her official capacity, when sued for injunctive relief," is considered "a person under § 1983 because `official-capacity actions for prospective relief are not treated as actions against the State.'" Id., 502 U.S. at 27, 112 S.Ct. at 362-63 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3105-06 n. 14, 87 L.Ed.2d 114 (1985)).
When an official is sued in his or her "individual" or "personal capacity,"
"[t]here are two types of immunities available ...absolute and qualified. Generally, these immunities only protect the individual from liability from [damages] actions, not from declaratory or injunctive relief. An absolute immunity totally protects an individual from liability regardless of his state of mind, while a qualified immunity only protects a public official from liability for acts or omissions undertaken in good faith.
"Freilich & Carlisle, Section 1983: Sword and Shield, pp. 335-36 (1983). The class of officials entitled to absolute immunity under § 1983 is very limited. "Absolute individual immunity is primarily enjoyed by judges and legislators, and by other officials acting in a judicial, quasi-judicial, legislative, or quasi-legislative capacity." Id. at 336. The Supreme Court in Hafer v. Melo, 502 U.S. at 29, 112 S.Ct. at 363-64, stated:
"This Court has refused to extend absolute immunity beyond a very limited class of officials, including the President of the United States, legislators carrying out their legislative functions, and judges carrying out their judicial functions.... State executive officials are not entitled to absolute immunity for their official actions."
"A qualified individual immunity is afforded to public officials, other than those with an absolute immunity, who have acted in good faith." Freilich, Section 1983, supra, at 340. In George v. McIntosh-Wilson, 582 So.2d 1058, 1061 (Ala.1991), Justice Adams wrote:
"In their individual capacities, however, state officials may be liable for damages resulting from discretionary acts that violate `clearly established statutory or constitutional rights of which a reasonable person would have known.'"
(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (emphasis omitted)). He further stated:
"`Good-faith' or `qualified' immunity is available as an affirmative defense to a wide variety of public officials.... In order to defeat a qualified immunity defense, the plaintiff `bears the burden of showing that "the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions."'"
582 So.2d at 1061 (quoting Barts v. Joyner, 865 F.2d 1187, 1190 (11th Cir.1989), cert. denied, 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989)). "[A]n allegation of lack of good faith is not necessary in the plaintiff's pleadings, as good faith [or qualified immunity] is an affirmative defense." Freilich, Section 1983, supra, at 341 (citing Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)).