Loy O. Vaughan, Jr., is a full-time, tenured, associate professor of mathematics at the University of Alabama at Birmingham (UAB). He began his employment at UAB in 1969 and attained his current rank of associate professor in 1978. Since 1982, he has had no salary increase.
In 1993, Dr. Vaughan sued the University of Alabama Board of Trustees, seeking the enforcement of a policy entitled "Rule 350 — Salary Policy." That policy, which was adopted by the Board on August 23, 1978, provides that each faculty member is to be paid within an approved salary range unless the president of the campus files an annual exception to the range "accompanied by the necessary documentation, and submit[s] [the exception] to the Chancellor for approval."
Dr. Vaughan alleged that in every academic year since 1982 his salary has been below the minimum of the approved salary range.[1] He also alleged that no "exceptions" to the range had been filed in regard to his salary since 1985.[2] The defendants admitted the facts alleged by Vaughan and moved for a summary judgment, arguing that they are immune from suit based on Article I, § 14, of the Alabama Constitution of 1901, the "sovereign immunity" clause. The trial court granted the motion and, without stating a reason, entered a summary judgment for the defendants. Vaughan appealed.
Section 14 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."
 "Under Article 1, § 14, Alabama Constitution of 1901, 'the State and its agencies have absolute immunity from suit in any court.' Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989); see also Taylor v. Troy State University, 437 So.2d 472, 474
(Ala. 1983). 'This immunity extends to the state's institutions of higher learning.' Taylor, 437 So.2d at 474; see Breazeale v. Board of Trustees of the University of South Alabama, 575 So.2d 1126, 1128
(Ala.Civ.App. 1991). 'State officers and employees, in their official capacities and individually, are also absolutely immune from suit when the action is, in effect, one against the state.' Phillips v. Thomas, 555 So.2d at 83; see Taylor v. Troy State University, 437 So.2d at 474. Those dealing with the State are charged with knowledge of its immunity. McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala. 1979)."
Williams v. John C. Calhoun Community College, 646 So.2d 1, 2
(Ala. 1994).
 "Employees of state agencies, in their official capacities and individually, are also entitled to absolute immunity from suit when the action is, in effect, one against the state. An action is one against the state when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiff's recovery of money from the state."
Shoals Community College v. Colagross, 674 So.2d 1311, 1314
(Ala.Civ.App. 1995), cert. denied, Ex parte Colagross,674 So.2d 1315 (Ala. 1996). See also Stark v. Troy StateUniversity, 514 So.2d 46, 51 (Ala. 1987).
"In determining whether an action against a state officer or employee is, in fact, *Page 485 
one against the State, this Court will consider such factors as the nature of the action and the relief sought." Phillips v.Thomas, 555 So.2d 81, 83 (Ala. 1989). Because Dr. Vaughan's action is essentially an action for damages, including back pay, for breach of contract, a result favorable to him would directly affect a contract or property right of the state. SeeColagross, supra; Stark v. Troy State Univ., 514 So.2d at 51.
Dr. Vaughan argues, however, that his action is one that seeks to compel State officials to perform their legal duties, and, thus, he says, it falls within an exception to the prohibition of § 14. A state official is not immune from an action to compel the performance of a legal duty, a suit to enjoin the enforcement of an unconstitutional law, to compel the performance of a ministerial act, or for a judgment under the Declaratory Judgment Act. DeStafney v. University ofAlabama, 413 So.2d 391, 393 (Ala. 1981).
"[A] board of education does not have to follow any particular evaluation policy. However, once such a policy is adopted by the board, the board is bound to follow it."Breazeale v. Board of Trustees of the University of SouthAlabama, 575 So.2d 1126, 1128 (Ala.Civ.App. 1991). See alsoBaker v. Oneonta City Bd. of Educ., 519 So.2d 1350
(Ala.Civ.App. 1987); Belcher v. Jefferson County Bd. of Educ.,474 So.2d 1063, 1068 (Ala. 1985); Walker County Bd. of Educ. v. WalkerCounty Educ. Ass'n, 431 So.2d 948 (Ala. 1983). "[I]f the individual defendants have not acted toward the plaintiff in accordance with the rules and regulations set by the university, their acts are arbitrary and an action seeking to compel them to perform their legal duties will not be barred by the sovereign immunity clause of the Alabama Constitution of 1901." Stark v. Troy State Univ., 514 So.2d at 50. See alsoTaylor v. Troy State Univ., 437 So.2d 472, 475 (Ala. 1983).
Vaughan argues that, pursuant to the Rule 350 salary policy, it was the legal duty of the defendants either to pay him the minimum salary or to file an annual exception to the approved salary range. Therefore, he maintains, the defendants' failure to fulfill either of those duties after 1985 entitles him to relief that is not barred by the sovereign immunity clause. We agree that insofar as the requested relief consists of ordering the defendants to follow the Rule 350 salary policy in the future, either by paying Vaughan the minimum salary in his approved range or by filing an annual exception to the range, § 14 does not bar his action. See Stark v. Troy StateUniversity, supra.
In Stark, a professor who argued that the university had failed to follow its own policy regarding compensation for teaching overloads filed an action seeking a declaratory judgment, an injunction, and compensatory damages. The trial court granted the university's motion to dismiss on the basis of sovereign immunity. Our supreme court affirmed, holding that
 "an action seeking to compel [the defendants] to perform their legal duties will not be barred by . . . sovereign immunity; however, the action for compensatory damages cannot be maintained."
Stark, 514 So.2d at 50. See also Breazeale v. Board of Trusteesof the Univ. of South Alabama, 575 So.2d 1126 (Ala.Civ.App. 1991). Similarly, in Colagross, supra, a tenured college professor brought an action for a declaratory judgment and damages, including back pay, for breach of contract. This court held:
 "Clearly, a favorable result for Colagross would result in his recovery of money from the state; consequently, the claims against [the president of a community college] constitute an action against the state and are barred by sovereign immunity. Accordingly, [the president of the community college], in his official capacity and individually, is entitled to absolute immunity from suit, and the action against him is barred by sovereign immunity."
Colagross, 674 So.2d at 1314.
Dr. Vaughan cites Baggiano v. Miller, 437 So.2d 557
(Ala.Civ.App. 1983), Gunter v. Beasley, 414 So.2d 41 (Ala. 1982), and McMillan v. Lee, 655 So.2d 906 (Ala. 1994), for the proposition that an action seeking retroactive relief is not prohibited by Ala. Const. Art. I, § 14. Those decisions, however, do not support his argument. *Page 486 
In Baggiano, this court held that a Medicaid applicant's action against a state agency to compel the agency to pay her benefits was not barred by the doctrine of sovereign immunity. We decided that, "[o]nce the determination ha[d] been made that [the Medicaid applicant was) eligible for benefits, . . . the Medicaid agency ha[d] no other choice than to pay such benefits as may [have been] due her from the time of eligibility." 437 So.2d at 560. Baggiano was not an action affecting a contract right. Baggiano fell outside the prohibition of § 14 because it was an action to compel the performance of a ministerial act.Id.
In the present case, no determination has been made that Dr. Vaughan is eligible for the salary increases he seeks. Whether to pay Dr. Vaughan within a particular salary range is a discretionary, rather than a ministerial, act. Section16-47-34, Ala. Code 1975, provides:
 "The Board of Trustees has the power . . . to fix [faculty] salaries or compensation, and increase or reduce the same at their discretion. . . . [The Board of Trustees] may delegate to the faculty of the university, or other officers, such powers and functions in the . . . administration of the affairs of the university as it may deem proper."
(Emphasis added.)
In both Gunter v. Beasley and McMillan v. Lee, our supreme court held that a lieutenant governor's action to compel a state official to pay him an expense allowance voted by the legislature was not barred by sovereign immunity. LikeBaggiano, those decisions did not involve a contract right of the state. In Gunter and McMillan, the state officials did not have a duty to determine whether the lieutenant governors were entitled to the allowance. The legislature had already made that determination. The state officials had a legal duty simply to pay the allowance. The defendants in this case, however, have a legal duty only to determine whether Dr. Vaughan is entitled to a salary increase. They do not have a legal duty to give him a increase.
Because of the sovereign immunity clause, the courts of this state are without jurisdiction to entertain a suit seeking damages, including back pay, for breach of contract against the state. State Bd. of Adjustment v. Department of Mental Health,581 So.2d 481 (Ala.Civ.App. 1991). Vaughan's remedy, if any, is with the Board of Adjustment. Sections 41-9-62(a)(4) and (a)(7), Code of Alabama 1975, provide:
 "(a) The Board of Adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
". . . .
 "(4) All claims against the State of Alabama or any of its agencies, commissions, boards, institutions or departments arising out of any contract, express or implied, to which the State of Alabama or any of its agencies, commissions, boards, institutions or departments are parties, where there is claimed a legal or moral obligation resting on the state;
". . . .
 "(7) All claims for underpayment by the State of Alabama or any of its agencies, commissions, boards, institutions or departments to parties having dealings with the State of Alabama or any of its agencies, commissions, boards, institutions or departments."
(Emphasis added.) The Board of Adjustment has jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant. Lee v. Cunningham, 234 Ala. 639, 641, 176 So. 477
(1937). The Board of Adjustment has exclusive jurisdiction over a contract claim against a state university. Alabama StateUniversity v. State Bd. of Adjustment, 541 So.2d 567
(Ala.Civ.App. 1989).
The Alabama Supreme Court has held that a circuit court should not enter a summary judgment (which is a judgment on the merits) if the circuit court concludes that it has no jurisdiction to adjudicate the claim. Faulkner v. University ofTennessee, 627 So.2d 362, 364 (Ala. 1992), cert. denied,510 U.S. 1101, 114 S.Ct. 943, 127 L.Ed.2d 233 (1994). Therefore, the summary judgment is *Page 487 
reversed insofar as it related to Dr. Vaughan's claim for damages, including back pay, and the cause is remanded with directions for the circuit court to dismiss that claim for lack of jurisdiction.
Insofar as it related to Dr. Vaughan's claim to compel the defendants to follow "Rule 350 — Salary Policy" in the future, the summary judgment is reversed and a judgment is rendered for Dr. Vaughan.
REVERSED IN PART AND JUDGMENT RENDERED; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
[1] The record shows that Vaughan's salary has been $23,513 since 1982. The record indicates that, from 1982 though 1994, Vaughan's salary has varied from the minimum in the approved salary range by as little as $587 and by as much as $12,787. Vaughan alleges that, from 1982 through 1994, he has been underpaid by more than $77,000.
[2] The 1985 "Request for Exception to Salary Range" filed in regard to Dr. Vaughan states, under the heading "Reason for this Exception":
 "According to the Board of Trustees, raises must be based only on merit. In the opinion of the Chair, Dr. Vaughan's contribution to the department shows little or no merit."
The 1984 exception states:
 "University policy is that all pay raises must be based on merit. Dr. Vaughan has not been judged by the chairman to have earned merit pay increases over the last few years. As a result, his salary has been allowed to fall below the minimum."
The 1983 exception states:
 "University policy is that all pay raises must be based on merit. As a result, salary has been allowed to fall below minimum."
The 1982 exception states:
 "Employee is not within the approved salary range because pay raises are for merit and his merit increases have been small."