ROBERTSON, Judge.
This is a petition for writ of mandamus.
On July 23, 1989, the respondent/wife filed a complaint in which she requested a divorce from petitioner/husband. In her complaint, respondent also requested that she be granted custody of the parties’ three minor children. Subsequently, on November 3, 1989, respondent filed a custody affidavit in which she stated that the address of the three minor children of the parties was presently unknown but that she had reason to believe that the children were living with petitioner’s brother in the country of Nigeria. In the two years prior to their removal to Nigeria, the children lived in Jefferson County, Alabama.
Additionally, the respondent filed, on November 3, 1989, a motion for a jurisdictional hearing requesting the court to determine whether it had jurisdiction over the children.
On December 21, 1989, the trial court entered its order on the jurisdictional motion and found that it would exercise jurisdiction over the respondent, petitioner and children.
Further, the petitioner was directed to return the children to Jefferson County, and respondent was directed to provide the petitioner with the children’s passports.
Petitioner then filed a motion to set aside the December 21st decree, which the court ultimately denied.
Petitioner now requests this court to issue a writ of mandamus to the trial court directing it to set aside the decree that ordered that the children be returned to the court’s jurisdiction.
We deny the writ. The writ of mandamus is an extraordinary remedy that will issue only upon a clear showing of abuse of discretion by the trial court. Ex parte Hudson, 558 So.2d 394 (Ala.Civ.App.1990). Likewise, to be entitled to the writ, “credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner has requested.” Hudson.
Pursuant to § 30-3-24, Code 1975, before a court issues a decree under the Uniform Child Custody Jurisdiction Act, §§ 30-3-20 through -43, Code 1975, “reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child." (Emphasis added.)
*1044 Petitioner asserts that because his brother and sister-in-law have physical custody of the children, the court could not require that the minor children be returned to Alabama prior to joining the brother and sister-in-law as parties. We disagree.
Section 30-3-22(4), Code 1975, defines a “decree,” for purposes of the Act, as “[a] custody determination contained in a judicial decree or order made in a custody proceeding.... ” Here, the court’s order simply requires that the children be returned to Alabama. This order is not a custody determination.
Further, we are also guided -by § 30 — 3—21(a)(5), Code 1975, which states:
“The general purposes of this article are to ... [djeter abductions and other unilateral removals of children undertaken to obtain custody awards.”
From the limited record we have before us, it appears that the petitioner has accomplished exactly what the Uniform Child Custody Jurisdiction Act seeks to prevent —“unilateral removals of children undertaken to obtain custody awards.” In view of this stated purpose, we cannot construe one of the act’s provisions in a manner that would allow petitioner to accomplish what the act seeks to prevent.
Accordingly, the writ is denied.
WRIT DENIED.
INGRAM, P.J., concurs.
RUSSELL, J., concurs in result only.