Chiemeka Izundu petitions this Court for a writ of mandamus ordering the Circuit Court of Jefferson County to set aside an order directing him to return his minor children to Jefferson County. His petition is before this court de novo under Ala.R.App.P. 21, following a denial of his petition in the Court of Civil Appeals. 563 So.2d 1042. We also deny the petition.
Mr. and Mrs. Izundu obtained a divorce in 1986 after approximately eight years of marriage. Three children, all still minors, were born to the marriage. The couple remarried on June 26, 1988, in Jefferson County, where they lived until they separated again on July 17, 1989. On July 16, 1989, Mr. Izundu allegedly removed the children from the marital residence in Jefferson County, without the knowledge of Mrs. Izundu, to his homeland in Nigeria, where he left them in the custody of his brother and sister-in-law.
On July 25, 1989, Mrs. Izundu filed a divorce complaint, in which she sought custody of the children. On November 3, 1989, she filed a custody affidavit indicating the whereabouts of the children and requested a hearing to determine whether the circuit court had jurisdiction over them. Additionally, she sought the return of the children to Jefferson County before trial.
On December 21, 1989, Judge W.C. Zanaty, Jr., determined that jurisdiction over the children was proper. At the same time, prior to the entry of any custody order, and without notice to the petitioner's relatives in Nigeria, the judge ordered Mr. Izundu to return the children to Alabama by January 15, 1990. Mr. Izundu's motion in the trial court seeking to set aside that order was denied on January 12, 1990. On March 21, 1990, the Customary Court of Onitsha, Nigeria, awarded custody of the three children to Mr. Izundu's brother and sister-in-law and enjoined both parents from interference with the children's "upbringing." Subsequently, the Court of Civil Appeals denied Mr. Izundu's petition for a writ of mandamus directing the trial judge to set aside the order directing the return of the children, and that petition is now before this court de novo
under Ala.R.App.P. 21.
Mr. Izundu contends that the trial court's order of December 21 violates sections of the Uniform Child Custody Jurisdiction Act providing for notice to, and joinder of, interested parties. In particular, he contends that the order was invalid in the absence of notice to his relatives in Nigeria of the pending custody proceeding and the joinder of those parties in the action.
 I. Notice
Ala. Code (1975), § 30-3-24, requires that "[b]efore making a decree under this article, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child."
As we have stated before, mandamus "is a drastic and extraordinary" remedy. Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989). The writ will not issue in the absence of a "clear legal right in the petitioner to the order sought." Id. at 684. "[I]f there is a doubt of the necessity or propriety, mandamus will not lie." Folmar v. Brantley, 238 Ala. 681, 193 So. 122, 125
(1939).
Respondent contends that petitioner has no standing to seek a writ of mandamus to set aside the order of December 21. We agree.
A party must allege an individual or representative right and a redressable injury to that right as a prerequisite to setting in motion the machinery of the court. See 59 Am.Jur.2dParties § 31 (1987). In order to be a "proper party plaintiff, a person must have an interest in the right to be protected."Eagerton v. Williams, 433 So.2d 436, 447 (Ala. 1983). As a general rule, "a litigant may not claim standing to assert the rights of a third party." Jersey Shore Medical Center-FitkinHosp. v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980). A party lacks standing to invoke the power of the court in his behalf in the absence of "a concrete stake in the outcome of the court's decision." Brown Mechanical *Page 773 Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 937
(Ala. 1983).
Izundu grounds his right to petition this Court for an extraordinary writ on the failure of the trial court to give notice to his relatives in Nigeria of the custody proceeding pending in Alabama. However, he does not purport to act in any representative capacity for the individuals allegedly injured by the absence of notice, nor does he claim to be in privity with them.
We, thus, fail to see how the absence of notice to parties in Nigeria alters or impairs any rights of the petitioner. Merely alleging a procedural deficiency respecting third parties does not set forth a redressable injury sufficient to grant the petitioner standing to challenge a court order directing him to act. Therefore, we hold that mandamus will not lie as a result of the trial court's failure to give notice to the Nigerian parties in physical custody of the children.
 II. Joinder
Izundu's second argument stands on no better ground. He contends that the order of December 21 is invalid because of the trial court's failure to join his relatives in Nigeria as necessary parties under Ala. Code (1975), § 30-3-30, and Ala.R.Civ.P. 19. Section 30-3-30 provides that if "a person not a party to the custody proceeding has physical custody of the child or claims to have custody or visitation rights with respect to the child, [the court] shall order that person to be joined as a party and to be duly notified of the pendency of the proceeding." Rule 19 provides:
 "A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."
Id.
Under our law, the duty to join necessary parties ordinarily devolves upon the plaintiff in the suit — in this case, Mrs.
Izundu. J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 849
(Ala. 1981). If a litigant fails to join an indispensable party, the trial court "shall order that he be made a party. "Id. at 850.
The petitioner is not seeking a writ of mandamus to compel joinder of a necessary party. Neither does he allege that he attempted to return the children in compliance with the order of December 21 at any time during the three-month period between that order and the eventual order of the Nigerian court. Neither does he allege that compliance with the order is now impossible. In fact, at this stage in the proceeding, it is entirely unclear what position the Nigerian parties will take upon the petitioner's compliance with the order to return the children. If Izundu's relatives claim a bona fide interest in the minor children, that position will become apparent upon the petitioner's good faith effort to comply with the order of December 21.
The writ of mandamus will be issued only in a clear case.Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989). Because this is not such a case, the petition is hereby denied.
DENIED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur. *Page 774