BOLIN, Justice.
Melinda Fenn, a teacher in the Ozark City School System, after being notified that the local regional newspaper, the Do-than Eagle, had made a request to view specific disciplinary information in her personnel file pursuant to Alabama’s Open Records Act, §§ 36-12-40 and -41, Ala. Code 1975, filed an action against the Ozark City Schools Board of Education (“the Board”) in the Dale Circuit Court seeking a judgment declaring that the requested information was not subject to disclosure under the Open Records Act and ordering the Board not to release the information. The trial court entered a judgment holding that the requested information was subject to disclosure, and Fenn appealed. Because Fenn’s action does not present a justiciable controversy, we vacate the judgment and dismiss the appeal.
*486 In Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala.1998), this Court stated:
“Not all controversies, even very public ones, are justiciable. Justiciability is a compound concept, composed of a number of distinct elements. Chief among these elements is the requirement that a plaintiff have ‘standing to invoke the power of the court in his behalf.’ Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990). Unless a plaintiffs interest in acquiring a favorable judgment is one that is ‘tangible,’ Reid v. City of Birmingham, 274 Ala. 629, 639, 150 So.2d 735, 744 (1963), and ‘concrete,’ Brown Mechanical Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 937 (Ala.1983), he has no standing to assert his claims. Moreover, as we explained in Reid:
“ ‘ “Not only must the plaintiff prove his tangible interest in obtaining a judgment, but the action must be adversary in character, that is, there must be a controversy between the plaintiff and a defendant, subject to the court’s jurisdiction, having an interest in opposing his claim. Unless the parties have such conflicting interests, the case is likely to be characterized as one for an advisory opinion, and the controversy as academic, a mere difference of opinion or disagreement not involving their legal relations, and hence not justiciable.” ’
“274 Ala. at 639, 150 So.2d at 744 (quoting E. Borchard, Declaratory Judgments, 29-30) (emphasis added). Thus, ‘ “[t]he absence of adversary or the correct adversary parties is in principle fatal.’” Rogers v. Alabama Bd. of Educ., 392 So.2d 235, 237 (Ala.Civ.App.1980) (quoting E. Borchard, Declarator Judgments 76 (2d ed.1941)) (emphasis added). See also Stamps [v. Jefferson County Bd. of Educ.], 642 So.2d [941,] 944 [ (Ala.1994) ].”
Thus, for a controversy to be justiciable, there must be some controversy between the panties. See also Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1183 (Ala.2006) (“[I]t is inarguable that the State’s declaratory-judgment complaint does not allege any controversy between parties whose legal interests are adverse.”). There is no controversy in the present case — both Fenn and the Board have consistently taken the position that the information in Fenn’s personnel file requested by the Dothan Eagle is exempt from disclosure.[1] Both in the trial court and before this Court, the briefs filed by the Board merely support and expand upon the arguments made in Fenn’s briefs. At no point in this litigation has the Board taken a position contrary to Fenn’s; indeed, it might be said that “[t]he record before us depicts a case, a trial, and an appeal between a plaintiff and defendant who had no real differences between themselves.” State ex rel. Baxley v. Johnson, 293 Ala. 69, 73, 300 So.2d 106, 109 (1974). Thus, there is no party before this Court arguing that the requested disciplinary information in Fenn’s personnel file should be released to the Dothan Eagle. We have stated on many occasions that this Court will not craft arguments for parties, see, e.g., University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1247-48 (Ala.2004); we are even less inclined to craft arguments on behalf of nonparties.
This Court confronted a similar scenario in Ex parte State ex rel. James, a case arising from Etowah County Circuit Judge *487 Roy Moore’s display in his Etowah County courtroom of a plaque bearing the Ten Commandments. After the Alabama Freethought Association (“AFA”) sued Judge Moore in the United States District Court for the Northern District of Alabama, the State filed a declaratory-judgment action in the Montgomery Circuit Court naming the AFA, the American Civil Liberties Union of Alabama (“the ACLUA”), and Judge Moore as defendants, notwithstanding the fact that the State’s position was favorable to Judge Moore. Relying heavily on Johnson, this Court vacated the judgment entered by the trial court, stating:
“The controversy in Johnson is closely analogous to the one in this case, and the rationale in that case is particularly pertinent in this one. Indeed, as to the claim of the plaintiff State against the defendant Judge Moore, there is not even facial adverseness. On the contrary, the pleadings show, on the face, that the plaintiff and Judge Moore actually support one another. More specifically, the State does not seek a declaration that Judge Moore’s actions are incorrect in any respect. On the contrary, the complaint — particularly, in those emphasized portions quoted above — extols the actions of Judge Moore and seeks a judgment declaring that his practices are eminently correct and must be sanctioned. The State does not allege that it has been harmed in any manner by Judge Moore’s practices. It does not seek to interfere with this defendant’s practices, but, in fact, seeks to perpetuate this defendant’s conduct.
“Predictably, Judge Moore, in his answer, admitted all the substantive allegations in the complaint. As we stated above, Judge Moore ljoin[ed] with the State of Alabama in requesting a judg- ■ ment’ declaring that the challenged practices were constitutional. (Emphasis added.) In other words, this defendant expressly agrees ivith the plaintiff that his practices are constitutional and that he is entitled to continue them in perpetuity.
“The absence of adverseness has been evident throughout this litigation. It was evidenced, for example, by the fact that Judge Moore was the only defendant who opposed removal of the action to the federal court. Indeed, the AFA and the ACLUA, at various times throughout the litigation in the trial court, contended that Judge Moore should be realigned as a plaintiff.
“Judge Moore thus goes further than the defendant superintendent of banks in Johnson, who took no position on the merits. Judge Moore takes a position on the merits, but he takes a position that is identical to that of the State, and he argues it strenuously. As between the State and Judge Moore, there exists no controversy, whatever — not even a contrived one. This is not lohat lawsuits are about.”
711 So.2cl at 961-62 (footnote omitted). Because the present case similarly lacks adverseness or a real controversy between the parties, the judgment entered by the trial court is void and is hereby vacated. Because a void judgment will not support an appeal, City of Mobile v. Scott, 278 Ala. 388, 390, 178 So.2d 545, 547 (1965), Fenn’s appeal is dismissed.
JUDGMENT VACATED AND APPEAL DISMISSED.
COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.

. The Board has expressed some doubt about whether its position is correct; nevertheless, it unequivocally argues that the Open Records Act does not require it to disclose to the Dothan Eagle the requested information in Fenn’s personnel file.