STUART, Justice.
The Alabama Department of Corrections (“ADOC”), the Alabama Corrections Institution Finance Authority (“ACIFA”), and Kim Thomas, in his official capacities as the commissioner of ADOC and as ex officio vice president of ACIFA, petition this Court for a writ of mandamus directing the Montgomery Circuit Court to vacate its May 17, 2012, order denying their motion seeking a partial summary judgment and to enter a new order granting the motion. We grant the petition as it relates to ADOC and Thomas in his capacity as commissioner and deny it as it relates to ACIFA and Thomas in his capacity as vice president.
I.
On August 17, 2010, Albert Wilson, Rufus Barnes, Joseph Danzey, Bryan Gavins, and Donald Simmons, all of whom are employed by ADOC as correctional officers (hereinafter referred to collectively as “the correctional officers”), sued ADOC and its then commissioner Richard Allen in the Barbour Circuit Court, alleging that ADOC was violating its own regulations and state law in the manner in which it: (1) compensated correctional officers for overtime; (2) restricted the way correctional officers were allowed to use earned leave; and (3) paid correctional officers the daily subsistence allowance provided by law. The plaintiffs also sought class certification on behalf of all other similarly situated correctional officers employed by ADOC and requested injunctive relief, as well as money damages, to include back-pay with interest, punitive damages, and *365 litigation costs and expenses, including attorney fees.
On September 22, 2010, ADOC and Allen moved the trial court to dismiss the correctional officers’ claims for money damages, arguing that ADOC and Allen were entitled to State immunity under Article I, § 14, Ala. Const.1901. Before the trial court ruled on that motion, however, the correctional officers filed an amended complaint adding ACIFA as a defendant and asserting claims against Allen in his capacity as vice president of ACIFA as well. On December 21, 2010, the trial court entered an order denying ADOC and Allen’s September 22 motion to dismiss, without stating its rationale.
Thereafter, ADOC, ACIFA, and Allen filed an answer to the correctional officers’ amended complaint. On March 3, 2011, ADOC, ACIFA, and Thomas, who succeeded Allen as commissioner of ADOC and vice president of ACIFA on January 17, 2011,[1] moved the trial court to transfer the action to the Montgomery Circuit Court pursuant to § 6-3-9, Ala. Code 1975, which provides that “if, on the trial of any case in any county, it is suggested by the Board of Corrections or is otherwise shown that the state is interested on account of the prison system, such case must be transferred to the proper court of Montgomery County.” See also Ex parte Daniels, 941 So.2d 251, 258 (Ala.2006) (holding that the State does not waive its right to transfer a case to Montgomery County pursuant to § 6-3-9 even if venue is not challenged within the time prescribed by Rule 12(h)(1), Ala. R. Civ. P.). On or about May 24, 2011, the Barbour Circuit Court granted the motion, and the case was transferred to the Montgomery Circuit Court.
The trial court thereafter approved class certification for the action, and, on April 17, 2012, ADOC, ACIFA, and Thomas moved the trial court to enter a partial summary judgment in their favor, arguing that the correctional officers’ claims seeking money damages from ADOC were barred by the doctrine of State immunity and that the claims against ACIFA had no factual or legal basis. The correctional officers filed a response, arguing that the summary-judgment motion was without merit and that, in any event, the Barbour Circuit Court had already rejected the State-immunity argument before the case was transferred to the Montgomery Circuit Court. On May 17, 2012, the trial court conducted a hearing on the summary-judgment motion and, later that day, entered an order denying the motion without stating its rationale. ADOC, ACIFA, and Thomas now petition this Court for a writ of mandamus directing the trial court to vacate its order denying their summary-judgment motion and to enter an order granting the same.
II.
“Mandamus is an extraordinary writ and will be issued ‘ “only when there is: (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.” ’ Ex parte Land, 775 So.2d 847, 850 (Ala.2000) (quoting Ex parte Horton, 711 So.2d 979, 983 (Ala.1998)). When we consider a mandamus petition, the scope of our review is to determine whether the trial court clearly *366 exceeded its discretion. Ex parte Tegner, 682 So.2d 396 (Ala.1996).”
State v. Bui, 888 So.2d 1227, 1229 (Ala.2004). We further note this Court’s general rule that we will not review the denial of a motion for a summary judgment on a petition for the writ of mandamus because an adequate remedy exists by way of an appeal. Ex parte Par Pharm., Inc., 58 So.3d 767, 775-76 (Ala.2010). However, an exception to that general rule is “that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.” Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000) (citing Ex parte Purvis, 689 So.2d 794 (Ala.1996)). In the instant case, ADOC and Thomas moved for a summary judgment on the claims for money damages asserted against ADOC and Thomas in his capacity as commissioner of ADOC on State-immunity grounds; thus, review of the trial court’s denial of their motion seeking a summary judgment on those claims is available by a petition for a writ of mandamus.
However, ACIFA and Thomas have not argued that they are entitled to State immunity on the claims asserted against ACIFA and against Thomas in his capacity as vice president of ACIFA; rather, they argue that they are entitled to a summary judgment because “they have no connection whatsoever to the [correctional officers’] claims” because ACIFA has no role in personnel or payroll matters affecting ADOC employees. They assert that ACIFA exists solely to facilitate the finance and acquisition of land, institutions, and facilities for ADOC, and they argue that the lack of any connection between the correctional officers’ claims and ACI-FA effectively renders those claims non-justiciable; therefore, review of the trial court’s denial of their summary-judgment motion on a petition for the writ of mandamus is available because, they argue, the issue of subject-matter jurisdiction has been raised. See University of South Alabama Med. Ctr. v. Mobile Infirmary Ass’n, 89 So.3d 735, 740-41 (Ala.2011) (stating that justiciability is jurisdictional), and Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000) (holding that the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus).
We disagree, however, that a justiciability issue has been raised. “ ‘Concepts of justiciability have been developed to identify appropriate occasions for judicial action .... The central concepts often are elaborated into more specific categories of justi-ciability — advisory opinions, feigned and collusive cases, standing, ripeness, mootness, political questions, and administrative questions.’ ” Black’s Law Dictionary 943^44 (9th ed.2009) (quoting 13 Charles Alan Wright et al., Federal Practice & Procedure § 3529, at 278-79 (2d ed.1984)). Indeed, this Court has recognized the above-cited specific categories of justicia-bility in previous cases. See, e.g., University of South Alabama Med. Ctr., 89 So.3d at 741-42 (dismissing appeal where there was no actual controversy between parties whose legal interests were adverse and where appeal sought merely an advisory opinion); Fenn v. Ozark City Sch. Bd. of Educ., 9 So.3d 484, 486 (Ala.2008) (“ ‘Chief among these elements [composing the concept of justiciability] is the requirement that a plaintiff have “standing to invoke the power of the court in his behalf.” Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990).’ ” (quoting Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala.1998))); Ex parte Riley, 11 So.3d 801, 806 (Ala.2008) (“Alabama cases often address ripeness in the context of whether a case is justiciable, or appropriate for judicial review.”); Town of Elmore v. Town of Coosada, 957 So.2d 1096, 1100 (Ala.2006) (“Because mootness goes to justiciability, this Court will not *367 consider the merits of a claim that is moot.”); and Birmingham-Jefferson Civic Ctr. Auth. v. City of Birmingham, 912 So.2d 204, 221 (Ala.2005) (declining to consider “nonjusticiable political question” involving the legislature’s voting procedures).
In this case, however, ACIFA and Thomas are essentially arguing that the correctional officers’ claims against ACI-FA have no basis because, they claim, ACIFA has nothing to do with the manner in which correctional officers are compensated or the funds with which they are compensated. This argument goes to the merits of the correctional officers’ claims, and, regardless of whatever merit the argument might have, it does not raise a justiciability issue. The trial court’s denial of the motion for a summary judgment as to ACIFA and Thomas in his capacity as vice president of ACIFA is accordingly not subject to mandamus review. See Ex parte Alabama State Bd. of Chiropractic Exam’rs, 11 So.3d 221, 226-27 (Ala.Civ.App.2007) (declining to address petitioners’ argument that they were entitled to a writ of mandamus on the ground that the plaintiffs’ claims had no merit). Thus, we review only ADOC and Thomas’s argument that the correctional officers’ claims against them for money damages are barred by principles of State immunity.
III.
We explained the doctrine of State immunity as it applies to State agencies and State officials, including specifically the commissioner of ADOC, as follows in Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004):
“Section 14, Ala. Const.1901, provides ‘[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.’ This section affords the State and its agencies an ‘absolute’ immunity from suit in any court. Ex parte Mobile County Dep’t of Human Res., 815 So.2d 527, 530 (Ala.2001) (stating that Ala. Const.1901, § 14, confers on the State of Alabama and its agencies absolute immunity from suit in any court); Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000) (‘Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state-’). Indeed, this Court has described § 14 as an ‘almost invincible’ ‘wall’ of immunity. Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994). This ‘wall of immunity5 is ‘nearly impregnable,’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002), and bars ‘almost every conceivable type of suit.’ Hutchinson v. Board of Trustees of Univ. of Ala., 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Moreover, if an action is an action against the State within the meaning of § 14, such a case ‘presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.’ Patterson, 835 So.2d at 142-43.
“Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003); Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992). ‘In determining whether an action against a state officer or employee is, in fact, one against the State, [a] [cjourt will consider such factors as the nature of the action and the relief sought.’ Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989). Such factors include whether ‘a result favorable to the plaintiff would directly affect a contract or property right of the State,’ Mitchell, 598 So.2d at 806, whether the defendant is simply a ‘conduit’ through which the *368 plaintiff seeks recovery of damages from the State, Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988), and whether ‘a judgment against the officer would directly affect the financial status of the State treasury,’ Lyons, 858 So.2d at 261. Moreover, we note that claims against state officers in their official capacity are ‘functionally equivalent’ to claims against the entity they represent. Hinson v. Holt, 776 So.2d 804, 810 (Ala.Civ.App.1998); see also McMillian v. Monroe County, Ala., 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (noting that a suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent); Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1060 (11th Cir.1992) (holding that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent). In this case, the commissioner represents [A]DOC, which, as a department of the State, is entitled to sovereign immunity. Rodgers v. Hopper, 768 So.2d 963, 968 (Ala.2000) (holding that [A]DOC is entitled to sovereign immunity under § 14, because a judgment against it would be paid from the treasury of the State).”
Thus, ADOC and Thomas, in his capacity as commissioner of ADOC, are generally entitled to rely on the shield of State immunity provided by § 14. Moreover, this Court has further held that claims against ADOC seeking compensatory damages— including specifically backpay — are barred by § 14:
“In general, the State is immune from any lawsuit that would directly affect a contract or property right of the State or result in the plaintiffs recovery of money from the State. See [Alabama Agric. & Mech. Univ. v.] Jones, 895 So.2d [867,] 873 [ (Ala.2004) ]. A claim for backpay is a claim for compensatory damages. 895 So.2d at 875-76 (holding that the doctrine of sovereign immunity bars claims for retrospective relief and backpay against a state university based on a breach of an employment contract); Vaughan v. Sibley, 709 So.2d 482, 486 (Ala.Civ.App.1997). The doctrine of sovereign immunity thus bars an action seeking backpay. Jones, 895 So.2d at 876; Vaughan, 709 So.2d at 486. Therefore, the trial court did not err in entering a summary judgment dismissing [the appellant’s] claims for back wages and compensatory damages, which are barred by Art. I, § 14, of the Alabama Constitution of 1901.”
Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005).
Nevertheless, citing Drummond Co. v. Alabama Department of Transportation, 937 So.2d 56, 58 (Ala.2006), the correctional officers argue that ADOC and Thomas are not entitled to State immunity because, they argue, Thomas’s actions have been and continue to be willful, malicious, fraudulent, in bad faith, and based on a mistaken interpretation of the law.[2] This Court did recognize in Drummond that ‘“actions for injunction or damages *369 brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law”’ are not prohibited by § 14. Drummond, 937 So.2d at 58 (quoting Ex parte Carter, 395 So.2d 65, 68 (Ala.1980)). However, in Alabama Department of Transportation v. Harbert International, Inc., 990 So.2d 831, 840 (Ala.2008), we further explained the “exceptions” to State immunity discussed in Drummond, and our holding in Harbert International makes clear that the “exception” the correctional officers now seek to rely upon is not applicable in this case:
“These actions [against the State that are not barred by § 14 and that are discussed in Drummond ] are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions ‘ “against the State” for § 14 purposes.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘“[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.” ’ Alabama Agric. & Meek Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones ).”
In this case, the correctional officers do seek money damages from the State; thus, the relied-upon “exception” in Drummond does not apply, and their claims against Thomas are barred by § 14. Moreover, we note that ADOC would still be entitled to State immunity even if the correctional officers’ claims against Thomas were permitted by Drummond because “these ‘exceptions’ to [State] immunity apply only to actions brought against State officials; they do not apply to actions against the State or against State agencies.” Ex parte Alabama Dep’t of Fin., 991 So.2d 1254, 1257 (Ala.2008). Thus, ADOC and Thomas, in his capacity as commissioner of ADOC, are entitled to State immunity, and the trial court accordingly erred in failing to grant their motion for a summary judgment on the claims asserted against them seeking money damages.[3]
IV.
ADOC, ACIFA, and Thomas petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying their motion seeking a summary judgment on the correctional officers’ claims for money damages and to enter an order granting the motion. Because ADOC and Thomas, in his official capacity as commissioner of ADOC, are entitled to State immunity on those claims, we grant the petition as to ADOC and Thomas, in his capacity as commissioner of ADOC, and issue the writ. However, ACIFA and Thomas, in his official capacity as vice president of ACIFA, have not argued that they are entitled to State immunity on the claims asserted against them; rather, they argue simply that those claims lack merit. *370 That argument presents an insufficient basis upon which to issue a writ of mandamus, and we therefore deny the petition with regard to those claims because ACI-FA and Thomas have an adequate remedy on appeal.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
WOODALL, BOLIN, PARKER, MAIN, and WISE, JJ., concur.
MURDOCK and SHAW, JJ., concur specially.
MALONE, C.J., recuses himself.

. Pursuant to Rule 25(d), Ala. R. Civ. P., Thomas was automatically substituted as a defendant in place of Allen when he succeeded Allen as commissioner of ADOC on January 17, 2011.

. The correctional officers also repeatedly emphasize that, in December 2010, the Barbour Circuit Court denied an initial motion to dismiss this case based on State-immunity grounds and that ADOC and Thomas failed to file a petition for the writ of mandamus at that time; however, to the extent they are arguing that ADOC and Thomas waived their right to claim State immunity based on that failure, their argument is without merit. An action against the State within the meaning of § 14 "presents a question of subject-matter jurisdiction, which cannot be waived....” Patterson v. Gladwin Corp., 835 So.2d 137, 142-43 (Ala.2002).

. In their response to ADOC, ACIFA, and Thomas’s petition for the writ of mandamus, the correctional officers also devote several pages to arguing that the petitioners are not entitled to State-agent immunity and that ACI-FA is not entitled to State immunity. However, none of the petitioners have asserted State-agent immunity, and a discussion of Ex parte Cranman, 792 So.2d 392 (Ala.2000), in which this Court restated the doctrine of State-agent immunity, and its progeny is therefore not necessary. Likewise, ACIFA has not argued that it is entitled to State immunity, conceding that this Court already decided that issue in Rodgers v. Hopper, 768 So.2d 963, 967 (Ala.2000) ("[W]e conclude that ACIFA and, derivatively, its officials are not entitled to [State] immunity.”).