BRYAN, Justice.
The Wilcox County Board of Education (“the Board”) and Lester Turk, in his official capacity as a member of the Board (hereinafter collectively referred to as “the defendants”),[1] petition this Court for a writ of mandamus directing the Wilcox Circuit Court (“the trial court”) to vacate its March 21, 2016, order denying their motion to dismiss Eli Mack’s complaint and to enter an order granting that motion. For the reasons set forth below, we grant the petition and issue the writ.

Facts and Procedural History

On July 15, 2015, Mack, a resident of Wilcox County, filed a “complaint for declaratory judgment” against the Board and Turk in his official capacity as a member of the Board. That complaint set forth the following pertinent facts:
“4. An election was held in 2012, to fill a place in District 3 on the [Board]. Darryl Perryman, an incumbent, was the successful candidate in that election, in which he was opposed by two write[-]in candidates.[2]
*776 “5. An election contest was filed against Darryl Perryman after the general election, which resulted in his being removed from office .,. because he was not a resident within the jurisdictional boundaries for Wilcox County.[3]
[[Image here]]
“7. However, even though there was no issue in the election contest concerning Darryl Perryman’s conduct or performance as a member of the [Board], the ... Board, entered an appearance in the election contest ,.. and paid the legal fees from the budget of the ... Board, to facilitate that appearance.
[[Image here]]
“9. On or about May 31, 2013, the State Board of Education [(‘the State Board’)] requested that the [Board], while ... Turk was serving as president, permit it to intervene in the election contest. The request failed because of a tied vote.
[[Image here]]
“11. After the failed vote, three members of the ... Board, without the approval of a majority of the members, asked the State Board ... to intervene in the election contest....
“12. The State Board ... intervened and filed a Writ of Mandamus with the Alabama Supreme Court....”[4]
Given those facts, Mack alleged that an “actual and substantial controversy exists as to whether [the] [defendants had the authority to intervene in the election contest ... or to invite the intervention of the State Board ... where there are no facts that would justify such intervention, and no valid vote granting such action was taken.” Based on those allegations, Mack sought the following relief:
“a. Grant a declaratory judgment to [Mack] declaring that the [Board] did not have the authority to intervene in the election contest....
“b. Enjoin ... Turk (in his official capacity), his successors and subordinates, the [Board], and those acting in concert with them from participating in any legal action involving a member of the [Board], unless the action involves issues related to the exercise of his or her duties as a member of the [Board], or issues which would seriously affect the educational interest of the Wilcox County public school system; and
“c. Order the [defendants to return the funds expended for legal fees and costs expended as a result of the action taken by the [Board] without authority.”
On August 7, 2015, the defendants filed a motion to dismiss the action, asserting, among other arguments, that they are immune from suit under Article I, § 14, Alabama Constitution of 1901; Mack filed a response to the defendants’ motion to dismiss. On March 21, 2016, the trial court, noting that Mack’s complaint sought declaratory relief, entered an order denying the defendants’ motion to dismiss. The defendants petitioned this Court for a writ *777 of mandamus directing the trial court to vacate its order denying their motion to dismiss and to enter an order granting their motion.

Standard of Review

“ ‘ “A writ of mandamus is a “ ‘ “ ‘drastic and extraordinary writ that will be issued only when there is: 1) a clear legal ■ right in the petitioner to the order sought; 2) an imperative duty upon- the respondent to perform, accompanied by a refusal to do so; 3) "the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Wood, 852 So.2d 705, 708 (Ala.2002); A petition for a writ of mandamus is the proper vehicle by which to seek review of the denial of a motion to dismiss based, on the ground of State immunity:
““‘The denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue , of immunity. Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002).”
“ ‘Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala.2003).’
“Drummond Co. v. Ala. Dep’t. of Transp., 937 So.2d 56, 57 (Ala.2006).” Ex parte Jefferson Cty. Dep’t. of Human Res., 63 So.3d 621, 625 (Ala.2010).

Discussion

“In Alabama Department of Corrections v. Montgomery County Commission; 11 So.3d 189, 191-92 (Ala.2008), this Court stated:
“‘Section 14, Ala. Const.1901, provides: “[T]he State of Alabama shall never be made a defendant in any court of law or equity.” (Emphasis added.) “The wall of immunity erected by § 14 is. nearly impregnable.” Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely., impregnable. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008) (“Section 14 affords absolute immunity to . both the State and State agencies.”); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala.2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala.2007) (same); [Ex parte Alabama Department of Transportation (In re Good Hope Contracting Co. v. Alabama Department of Transportation), 978 So.2d 17 (Ala.2007) ] (same); Ex parte Alabama Dep’t of Transp., 764 So.2d 1263, 1268 (Ala.2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992) (same). “Absolute immunity” means just that—the State and its agencies are not subject to suit under any theory- .....
“ ‘ “This immunity may not be waived.” Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a “jurisdictional bar.” Ex parte Alabama Dep’t of Transp., 985 So.2d 892, 894 (Ala. 2007). The jurisdictional bar of § 14 simply “precludes] a court from exercising subject-matter . jurisdiction” over the State or. a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003).’ ”
State Bd. of Educ. v. Mullins, 31 So.3d 91, 97 (Ala.2009).
It is well settled that certain actions are not barred by § 14, i.e., that there are “exceptions” to sovereign immunity, including a declaratory-judgment action “seeking construction of a statute and its application in a given situation.” Ex *778 parte Moulton, 116 So.3d 1119, 1131 (Ala. 2013) (quoting other cases). However, it is equally well settled that those “exceptions” are applicable only to actions brought against State officials and not to actions brought against the State or its agencies. Ex parte Thomas, 110 So.3d 363, 369 (Ala. 2012). Thus, because the State’s county boards of education operate as agencies of the State, Ex parte Hale Cty. Bd. of Educ., 14 So.3d 844, 848 (Ala.2009), § 14 shields them with an “absolutely impregnable” immunity from suit. Mullins, supra. Accordingly, the trial court is without jurisdiction over the Board, and, as a result, the Board has a clear legal right to dismissal from the case.
Once the Board is dismissed, what remains of Mack’s complaint is his claim seeking injunctive relief against Turk and his claim against Turk seeking the recovery of funds expended by the Board in the election contest. Regarding his claim for injunctive relief, Mack seeks, as noted above, to enjoin Turk from “participating” in certain legal actions involving members of the Board, although he fails to define “participating.” It is well settled that the sixth “exception” to sovereign immunity provides that “actions for injunction brought against State officials in their representative capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law” are not barred by § 14. Moulton, 116 So.3d at 1141 (emphasis added) (restating the sixth exception to § 14 immunity). In this case, although Mack alleges that “three members of the [Board], without the approval of a majority of the members, ... requested the State Board ... to intervene in the election contest,” he does not indicate that Turk was one of those three members or that Turk otherwise “participated” in the election contest in any capacity.[5] That is to say, Mack neither alleges that Turk acted in connection with the election contest nor challenges any other conduct, current or imminent, by Turk. Given that Mack’s complaint points to no conduct by Turk, it appears that Mack names Turk as a defendant based solely on Turk’s position as president of the Board.
Moreover, even if we construe Mack’s complaint as alleging that Turk was one of the three members of the Board who sought the State Board’s intervention, it is apparent from the arguments Mack makes in his response to the defendants’ motion to dismiss that such a request of the State Board was beyond Turk’s authority, according to Mack, only because the Board had already voted not to allow the State Board to intervene. In support of that argument, Mack cites § 16-8-4, Ala.Code 1975, which provides, in pertinent part: “No motion or resolution shall be declared adopted [by a county board of education] without the concurrence of the majority of the whole board.” As noted in that part of Mack’s complaint quoted supra, Mack contends that, before its intervention in the election case, the State Board had requested that the Board allow it to intervene and that a vote by the Board on that request failed to produce a majority. Because that vote failed to produce a majority, Mack argues, the three members of the Board who sought the State Board’s intervention without the approval of the majority of the Board violated § 16-8-4. Thus, the true conduct that Mack alleges was beyond Turk’s authority (assuming Turk’s involvement) was Turk’s acting without the ma *779 jority of the Board’s approval, i.e., violating § 16-8-4.
However, Mack does not seek to enjoin Turk from violating § 16-8-4 or from otherwise acting on behalf of the Board without the approval of the majority of its members. Instead, he seeks to enjoin Turk from “participating” (whatever conduct that might entail) in certain legal actions involving members of the Board, despite the fact that he has not alleged that Turk’s involvement in such actions is in and of itself beyond Turk’s authority. Indeed, Mack points to no law—nor are we aware of one—that would prohibit an individual from asking an entity to file a motion to intervene in pending litigation.[6] Thus, Mack seeks to enjoin conduct that he has not alleged is, standing alone, beyond Turk’s authority.
When a plaintiff seeks to enjoin conduct that he or she has not alleged is fraudulent, in bad faith, beyond a State official’s authority, or done in a mistaken interpretation of law, the plaintiff fails to invoke the sixth “exception” to sovereign immunity, and the defendant State official is entitled to the absolute immunity afforded by § 14. See Board of Sch. Comm’rs of Mobile Cty. v. Weaver, 99 So.3d 1210 (Ala. 2012) (holding that the defendant State official was entitled to absolute immunity from the plaintiffs’ claim for injunctive relief because the plaintiffs had not alleged that the defendant’s conduct was fraudulent, in bad faith, beyond his authority, or in a mistaken interpretation of law and, thus, had failed to invoke the sixth “exception” to § 14 immunity). Because Mack does not allege that Turk’s “participation” in future legal actions involving members of the Board is beyond Turk’s authority, his claim for injunctive relief fails to invoke the sixth “exception” to sovereign immunity. Accordingly, Turk is immune from Mack’s claim for injunctive relief, and he has a clear legal right to dismissal of the claim against him.
As to Mack’s claim seeking the return of “funds expended for legal fees and costs expended” in the election case, this Court has held that, although a taxpayer, in certain situations, may bring an action seeking to enjoin a proposed illegal expenditure of public funds by a State official, the taxpayer lacks standing to bring an action seeking to recover funds that have been wrongfully expended. See Beckerle v. Moore, 909 So.2d 185 (Ala. 2005). Because Mack seeks the recovery of an allegedly wrongful expenditure of public funds and not to enjoin a proposed expenditure, he lacks standing to bring that claim.[7] ‘“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.’ ” Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 319 (Ala. 2011) (quoting State v. Property at 2018 *780 Rainbow Drive, 740 So.2d 1025, 1028 (Ala. 1999)). In the absence of subject-matter jurisdiction, a court can take no valid action-other than to dismiss the ease. Id. Accordingly, because Mack lacks standing to bring a .claim for the recovery of an expenditure of public funds, the trial court is-without subject-matter jurisdiction over that claim, and the defendants are entitled to a.dismissal of that claim.

Conclusion

Because the Board is absolutely immune from suit, the trial court is without subject-matter jurisdiction over it, and the Board is. entitled to dismissal from the case. In addition, Turk is also entitled to sovereign immunity—and thus dismissal for lack of subject-matter jurisdiction— because Mack’s claim for injunctive relief fails to invoke an “exception” to sovereign immunity. Because Mack lacks standing to bring a claim for the recovery of an expenditure of public funds, the trial court is without subject-matter jurisdiction over that claim as well. Accordingly, we grant the petition and issue the writ directing the trial court to enter an order granting the Board and Turk’s motion to dismiss.
. PETITION GRANTED; .WRIT ISSUED.
STUART, BOLIN, PARKER, MURDOCK, MAIN, and WISE, JJ., concur.
SHAW, J., concurs in part and concurs in-the result.

. Turk is president of the Board.

. It does not appear from the face of the complaint that Mack was a candidate in the 2012 election.

. In a February 13, 2013, order, the trial court found that Perryman was ineligible to hold the District 3 seat of the Board and removed him from that office. In a May 7, 2013, order, the trial court appointed Jeffery Saulsberry temporarily to the District 3 seat pending further order of the trial court.

. On April 24, 2015, this Court entered an order in response to the State Board’s petition for a writ of mandamus in which we held that the trial court had acted beyond its authority in the election contest by appointing Jeffery Saulsberry to the District 3 seat of the Board following Perryman’s removal from office. Accordingly, this Court ordered the trial court to vacate its May 7, 2013, order appointing Saulsberry to the District 3 seat and ordered the State Superintendent of Education to fill the vacancy left by Saulsberry’s removal. See supra note 3.

. Mack does not allege that Turk individually filed a motion to intervene in the election case.

. Intervention in litigation is governed by Rule 24, Ala. R. Civ. P., which provides that intervention, in some circumstances, is a matter of right, Rule 24(a), and, in other circumstances, is left to the discretion of the trial court. Rule 24(b).

. In Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31, 44 (Ala.2013), we clarified that the concept of standing was developed " 'for public law’ cases, ... not 'private law’ cases,” and thus removed the gate-keeping function of standing from private-law cases. Stand-tag, however, remains a relevant concept in a public-law case, such as this one, where a citizen brings an action raising "constitutional or other challenges to the actions of officials or administrative agencies.” Id. See also Poiroux v. Rich, 150 So.3d 1027, 1039 (Ala. 2014) (noting that public law constitutes " '[t]he body of law dealing with the relations between private individuals and the government, and with the structure and operation of the government itself’ ” (quoting Black's Law Dictionary 1350-51 (9th ed.2009))).